Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 770 | **DATE** | 5/8/2002 |
| **CASE TITLE** | Richard Bloomstein vs. Lucasfilms Ltd.,etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ILM's motion to transfer venue to the Northern District of California (3-2) is granted. Defendant's motion to dismiss (3-1) is moot. The Clerk of the Court is directed to transfer the above cause of action to the U.S. District Court for the Northern District of California. The status and ruling date of 5/9/02 and 5/23/02 is stricken.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 13 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/9/2002 | |
| | | 02 MAY 10 AM 8:44 | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD BLOOMSTEIN,

Plaintiff,

vs.                                     No. 02 C 0770

LUCASFILMS LTD. and LUCAS
DIGITAL LTD. d/b/a INDUSTRIAL
LIGHT & MAGIC,

Defendants.

DOCKETED
MAY 1 0 2002

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Richard Bloomstein, an Illinois resident, has brought a patent infringement action against Lucasfilm Ltd. ("Lucasfilm") and Lucas Digital Ltd. d/b/a Industrial Light and Magic ("ILM"), whose principle place of business is in California. Bloomstein owns United States Patent No. 4,600,281 entitled "Altering Facial Displays in Cinematic Works," which is a process for synchronizing the lip and facial movements of a character in a visual track of cinematic work with the voice track of the film. Bloomstein alleges that ILM infringed on this process in the course of making special effects for the films *Dragonheart, Star Wars: Episode I - The Phantom Menace,* and *Star Wars: Episode II - Attack of the Clones.* ILM has motioned to dismiss for lack of personal jurisdiction or lack of proper venue, or alternatively to transfer venue to the Northern District of California. For the reasons set forth below, we grant ILM's motion to transfer venue and deny as moot ILM's motion to dismiss.

Under 28 U.S.C. § 1404(a), we may grant a motion for a transfer of venue if the transfer will best serve the convenience of the parties, the convenience of the witnesses, as well as the interests of justice.

1

*See, e.g., Murphy v. Avon Products, Inc.,* 88 F. Supp.2d 851, 852 (N.D. Ill. 1999)(Aspen, C.J.). In deciding whether to transfer a case, we must balance all relevant public and private factors to determine whether the litigation would more conveniently proceed and the interests of justice would be better served by a transfer to a different forum. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). Analysis of the relevant factors lead to a broad set of considerations, "the contours of which turn upon the particular facts of each case." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220 (7th Cir. 1986). Among those considerations are Bloomstein's choice of forum, the site of the material events and the relative ease of access to sources of proof. *Murphy,* 88 F.Supp.2d at 852-53. Other factors relating to the interests of justice include such concerns as ensuring speedy trials and having a judge who is familiar with the applicable law. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir. 1989). *See also, Murphy,* 88 F.Supp.2d at 853 (public interest factors include "the desirability of resolving a case in a particular forum").

ILM has met its burden of showing that the Northern District of California is clearly more convenient. *See Heller,* 883 F.2d at 1292. Although Bloomstein's residency in the Northern District of Illinois carries substantial weight, all other factors weigh in favor of transferring the case to the Northern District of California.

First, the alleged infringement occurred in California. Because infringement suits focus on the activities of the alleged infringer, its employees, and its documents, the location of the infringer's place of business is a critical factor. *See, e.g., Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. Partnership,* 807 F. Supp. 470, 474 (N.D. Ill. 1992). The location of ILM raises concerns about the inconvenience to potential witnesses if the case were to proceed in Illinois. The special effects work that allegedly infringed Bloomstein's patent occurred entirely within the state of California. Proceedings on the merits of this case may involve the testimony of countless technicians who were involved in the effects work

2

in the films and the burden of transporting these witnesses to Illinois may disrupt the rapid production schedule of ILM's studio. Thus, the inconvenience to ILM outweighs the inconvenience to Bloomstein, who does not seem to have anything but his residency weighing in favor of his case remaining in Illinois.

Second, the Northern District of California's familiarity with the issues in this case warrants transfer. The Northern District of California has already adjudicated a previous case involving ILM and the same patent. *See Bloomstein v. Paramount Pictures Corp. and Lucas Digital Ltd. d/b/a Industrial Light & Magic,* C 95-1864, 1996 WL 251918 (N.D. Cal. 1996) (Patel, J.). Because patent infringement cases are highly technical and require careful, lengthy examination, the Northern District of California is capable of adjudicating this case much more expeditiously because it is already familiar with Bloomstein's '281 patent. Furthermore, the interests of judicial economy favor transfer, as the prior case may bind this case on some issues under the doctrine of collateral estoppel.

Finally, public interest supports resolving this case in California. California is the home of many more film and computer graphics studios than Illinois. These studios employ many artists and technicians who are likely to be affected by the outcome of this case. Since remedying patent infringement is a likely concern to many California residents and employees of film studios, it is in the public interest that this case be resolved in California.

For these reasons, we grant ILM's motion to transfer venue to the Northern District of California.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 5/8/02

3